Michael Alan HURLEY, Petitioner-Appellant,

v.

Michael W. MOORE, Secretary, Department of Corrections, Robert A. Butterworth, Attorney General of the State of Florida, Respondents-Appellees.

No. 99-14521

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Nov. 17, 2000.

Appeal from the United States District Court for the Middle District of Florida. (No. 98-01028-CV-t-23a), Steven D. Merryday, Judge.

Before TJOFLAT, BARKETT and GODBOLD, Circuit Judges.

PER CURIAM:

Michael Alan Hurley, a Florida state prisoner, appeals from the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. § 2254, as barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

I. Background

Hurley was convicted by a jury of three counts of capital sexual battery and two counts of a lewd and lascivious act. His conviction was final on March 23, 1996. Because his conviction was final prior to the effective date of the AEDPA, the one-year statute of limitations imposed by the statute began to run on the statute's effective date of April 24, 1996. *See Weekley v. Moore,* 204 F.3d 1083, 1084 (11th Cir.2000).

Hurley filed his first petition for post-conviction relief under Florida rules of criminal procedure on October 3, 1996. *See* Fla. R.Crim. P. 3.850. The petition was notarized by Minta L. Watson and included the following statement:

SWORN TO OR AFFIRMED AND SUBSCRIBED this *3rd* day of October 1996, by Michael Alan Hurley DC # 487811, this Post-Conviction Relief Motion, who is personally known to me or who has produced Department of Correction Inmate I.D. as identification, and who did take an oath.

The Thirteenth Judicial Circuit Court of Florida denied the post-conviction motion because it lacked the written oath required by Florida law. *See* Fla. R.Crim. P. 3.987. *See also Gorham v. State,* 494 So.2d 211 (Fla.1986). The court denied the motion without prejudice to refile a timely, properly sworn motion and

included in its order two examples of oaths that would satisfy the requirement.

Rather than file a properly sworn post-conviction relief motion Hurley moved for a rehearing of the denial, arguing that the prison notary verbally administered an oath when his motion was notarized and that Hurley swore to the truth of its contents at that time. The state court denied his motion for rehearing. Hurley appealed the denial, and the state appeals court affirmed the decision without opinion.

Hurley filed a properly sworn post-conviction relief motion on April 30, 1997. The state court denied the motion on the merits, and the state court of appeals affirmed the denial without opinion. Hurley's state petition for writ of habeas corpus and his subsequent motion for rehearing were also denied.

Hurley filed his petition for relief under 28 U.S.C. § 2254[1], and the state moved to dismiss the petition as time-barred. The district court dismissed the petition because Hurley's initial petition was not filed within one year of the AEDPA's effective date.

## II. Discussion

On appeal Hurley argues that his initial Rule 3.850 motion, filed on October 3, 1996, was a properly-filed state post-conviction motion that tolled the limitations period for filing his § 2254 petition. Hurley argues for the first time that his § 2254 petition should be considered timely under equitable tolling because his initial Rule 3.850 motion was properly sworn.

In reviewing the district court's denial of a habeas corpus petition we review the court's findings of fact for clear error and questions of law *de novo. See King v. Moore,* 196 F.3d 1327, 1330 (11th Cir.1999). Arguments raised for the first time on appeal are not properly before this Court. *See Walker v. Jones,* 10 F.3d 1569, 1572 (11th Cir.), *cert. denied,* 511 U.S. 1111, 114 S.Ct. 2111, 128 L.Ed.2d 671 (1994).

In addition to adding a one-year statute of limitations to federal habeas corpus actions the AEDPA contains a tolling provision, which provides that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). This circuit has held that a state petition for post-conviction relief is not "properly filed" when it fails to comply with state filing deadlines. *See Weekley,* 204 F.3d at 1085. Furthermore, this court will show great deference to a state court's application of state filing deadlines. *See Webster v. Moore,* 199

---

[1]After Hurley filed his § 2254 petition, he moved to supplement it. The district court directed Hurley to file a new petition with supporting memorandum of law. His amended § 2254 petition raised 15 grounds for relief.

F.3d 1256, 1259 (11th Cir.2000). This circuit has extended "properly filed" state petitions to include those which do not violate state procedural requirements forbidding successive motions. *See Weekley,* 204 F.3d at 1086. Where the petition is not "properly filed" there is no tolling of the one year limitations period.

Florida rules of criminal procedure require that a motion to vacate, set aside, or correct sentence be under oath. *See* Fla. R.Crim. P. 3.850. The rules also require that the oath be "legibly handwritten or typewritten, signed by the defendant, and contain either the first or second oath set out at the end of [the] rule." *See* Fla. R.Crim. P. 3.987. The oath required for notarized motions contains the following language:

> Before me, the undersigned authority, this day personally appeared _____, who first being duly sworn, says that he or she is the defendant in the above-styled cause, that he or she has read the foregoing motion for postconviction relief and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct.

*See* Fla. R.Crim. P. 3.987. Alternatively, the rule allows the defendant to include an unnotarized oath, which states that "[u]nder penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true." *Id.*

Hurley does not dispute that his Rule 3.850 motion did not contain the requisite written oath. The court dismissed the motion without prejudice to refile a timely, properly sworn motion. The court even included in its order two examples of oaths sufficient to meet the "properly filed" requirement. Rather than file a properly sworn motion, Hurley chose to move for rehearing of the denial of the deficient motion. Because Hurley's state post-conviction motion was not properly filed according to the state court's application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled.

Hurley's argument that the AEDPA's limitations period should be equitably tolled is raised for the first time on appeal and is not properly before this court. *See Walker v. Jones,* 10 F.3d 1569, 1572 (11th Cir.1994), *cert. denied,* 511 U.S. 1111, 114 S.Ct. 2111, 128 L.Ed.2d 671 (1994). In any event, Hurley's case does not warrant equitable tolling because his initial Rule 3.850 motion was dismissed without prejudice and the state court instructed Hurley on how to cure the procedural defect in his motion. Hurley's failure to follow the state court's instruction precludes his equitable tolling claim.

We conclude that Hurley's § 2254 petition could only be considered timely if his first state post-conviction motion under Fla. R.Crim. P. 3.850, dismissed for failure to comply with the procedural requirement of a written oath, is a properly-filed post-conviction motion. It is not. Furthermore, Hurley's claim of equitable tolling, raised for the first time on appeal, is without merit in any event.

AFFIRMED.