[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11102
Non-Argument Calendar
_____

D. C. Docket No. 06-00248-CV-5-RS-AK

CHARLIE F. WOFFORD,

Petitioner-Appellant,

versus

SCOTT MIDDLEBROOK,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 15, 2007)**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

This is the fifth time Charlie F. Wofford has sought in the courts of this circuit to challenge the validity of his convictions for conspiring to possess with the intent to distribution cocaine, 21 U.S.C. §§ 841(a) & 846, and possessing a firearm while a convicted felon, 18 U.S.C. 922 (g), and the resulting fifteen-year sentence.[1] This most recent challenge, like the previous one, was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Wofford's petition alleges that before November 18, 1988, an individual could not be charged with conspiracy under 21 U.S.C. § 846 when the underlying substantive crime was a violation of § 841(a)(1). Therefore, according to Wofford, since the crime occurred in June 1988, he pleaded guilty and was convicted of a nonexistent offense. Wofford claims (1) that the sentencing court "was without jurisdiction to accept a guilty plea to a nonexistent offense," and (2) his "guilty plea was not knowing and intelligently [given]" because he "was misinformed by the Court as to the right substantive offense applicable to the § 846 conspiracy offense."

The magistrate judge recommended that the district court deny Wofford's § 2241 petition because he had not met the prerequisites of the savings clause in 28

_____

[1] The magistrate judge's report and recommendation noted that Wofford had twice sought to challenge the validity of his convictions and sentence in the Southern District of Mississippi.

U.S.C. § 2255 in order to file his § 2241 petition. According to the magistrate judge: (1) conspiracy based on 21 U.S.C. § 841(a)(1) was indeed a viable offense prior to November 1988; (2) there was no retroactively applicable Supreme Court decision establishing that any of Wofford's crimes were nonexistent; and (3) Wofford could have raised his jurisdictional argument at trial, on direct appeal, or in his first § 2255 motion. The district court agreed and over Wofford's objections adopted the report and recommendation in full.

Wofford argues on appeal that the district court erred because: (1) conspiracy to violate § 841(a)(1) was not an offense until the 1988 amendments went into effect; (2) Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604 (1998), was a retroactively applicable Supreme Court decision that opened the portal to a § 2241 proceeding; and (3) he is not barred from raising his jurisdictional argument because jurisdiction can never be waived.[2] We affirm.

_____

[2] Wofford also argues that because his offense was committed before the November 1988 amendments, the sentencing court erred in applying the penalty provisions of 21 U.S.C. § 841(a)(1) to his conviction for 21 U.S.C. § 846. Even if conspiracy to possess cocaine with the intent to distribute it was an offense prior to November 1988, Wofford contends, there was nothing to guide the sentencing decision and therefore the court should have applied the rule of lenity. Because Wofford did not raise these points in his petition, we will not consider them here for the first time. See Hurley v. Moore, 233 F.3d 1295, 1297–98 (11th Cir. 2000) (per curiam) ("Arguments raised for the first time on appeal are not properly before this Court. . . . Hurley's argument that the AEDPA's limitations period should be equitably tolled is raised for the first time on appeal and is not properly before this court."); Nyland v. Moore, 216 F.3d 1264, 1265 (11th Cir. 2000) (per curiam) ("We decline to address Nyland's new argument that his section 2254 petition was tolled during the time in which he could have filed a petition for certiorari with the United States Supreme Court because Nyland did not raise this argument in the court below."); Provenzano v. Singletary, 148 F.3d 1327, 1329 n.2 (11th Cir. 1998) (The petitioner

In the appeal from Wofford's last challenge to his conviction and sentence, where he also sought a petition for writ of habeas corpus pursuant to § 2241, we held that Wofford was only entitled to resort to habeas relief under § 2241 if his petition met the requirements of the savings clause in § 2255. Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). The savings clause provides that:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. We concluded in Wofford that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

We agree with the district court that Bousley was not a retroactively applicable Supreme Court decision establishing that Wofford was convicted for a nonexistent offense. The Bousley Court held that when a district court misinforms

---

"did not raise in the district court the claim that counsel were ineffective for failing to object to the separation itself. That claim appears for the first time in Provenzano's brief to this Court. Because he did not raise the claim below, we do not consider it.").

a defendant about the essential elements of the crime charged, the resulting plea is constitutionally invalid. See Bousley, 523 U.S. at 618–19, 118 S. Ct. at 1609 ("[P]etitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proved, petitioner's plea would be, contrary to the view expressed by the Court of Appeals, constitutionally invalid."). Bousley did not hold that the misinformation about the elements of the offense makes the offense nonexistent, nor did the case say anything about whether 21 U.S.C. § 841(a)(1) may serve as a substantive offense for a § 846 conspiracy. Thus, contrary to Wofford's contention here, Bousley is not a retroactively applicable Supreme Court decision establishing that his conviction for conspiracy to possess with the intent to distribute cocaine was a nonexistent offense.

Because Wofford has pointed to no other retroactively applicable Supreme Court decisions that would meet the requirements of the § 2255 savings clause, he was not permitted challenge his conviction and sentence without filing an application for permission to file a successive § 2255 motion. See Wofford, 177 F.3d at 1245. The district court therefore did not err in dismissing his § 2241 petition.

AFFIRMED.

5