[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10855

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02503-CV-5-CLS

KURT BOWDEN,
father of Dianna Bowden, a minor, deceased,

Plaintiff-Appellee,

versus

LINCOLN COUNTY HEALTH SYSTEM,
a Corporation d.b.a. Lincoln Medical Center,
LINCOLN MEDICAL CENTER EMERGENCY MEDICAL SERVICES,
CHARLES EAKES,
an individual,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(February 10, 2009)

Before MARCUS, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Lincoln County Health System and Charles Eakes (collectively "Defendants") appeal the district court's order finding that neither the Alabama nor the Tennessee statutory cap on a governmental entity's liability applied where an Alabama plaintiff sued a Tennessee county entity and its employee in federal district court in Alabama.

This wrongful death action, based upon the substantive law of the State of Alabama, arose out of a collision between an automobile driven by Dianna Bowden, a citizen of Alabama, and an ambulance driven by Defendant Charles Eakes, an employee of Defendant Lincoln County Health System, a Tennessee county governmental entity. The collision occurred in Madison County, Alabama. Plaintiff Kurt Bowden — the father and personal representative of Dianna Bowden — brought suit against the county entity and the driver. At the conclusion of a trial in the district court for the Northern District of Alabama, a jury found Defendants liable and awarded Plaintiff $3.1 million dollars.

Defendants filed a post-judgment motion, asking the court inter alia to reduce the jury award to $100,000 in accordance with the statutory damage limitations contained in Alabama Code § 11-93-2 or, in the alternative, to $250,000 in accordance with Tennessee Code § 29-20-403. Both the Alabama and Tennessee statutes limit the damages available against a county governmental

2

entity. The district court found that Lincoln County Health System is a county governmental entity; however, it held that it was not entitled to the benefit of either statute because (1) the Alabama statutory cap was not intended to apply to a Tennessee governmental entity and (2) the principles of comity should not apply to give effect to a Tennessee statute that would limit the damages awarded by the jury in this case. Accordingly, the court denied the motion and affirmed the jury award. Defendants appeal.[1]

We review a lower court's legal determinations de novo, Estate of Shelfer v. Commissioner, 86 F.3d 1045, 1046 (11th Cir. 1996), and its decisions regarding an exercise of comity under an abuse of discretion standard. Belize Telecom, Ltd. v. Gov't of Belize, 528 F.3d 1298, 1303 (11th Cir. 2008) (citing Daewoo Motor Am., Inc. v. General Motors Corp., 459 F.3d 1249, 1256 (11th Cir. 2006)).

After a thorough review of the record and the parties' briefs and having received the benefit of oral argument, we conclude that the district court did not err. Accordingly we AFFIRM for the reasons stated in the district court's thorough and well reasoned opinion.

AFFIRMED.

---

[1]Defendants argue for the first time on appeal that the Full Faith and Credit Clause, as well as the principles of comity, requires the application of the Tennessee statutory cap on damages. Because this argument was not raised before the district court, we do not consider it. Hurley v. Moore, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court.").

3

ANDERSON, Circuit Judge, concurring specially:

I concur in the result reached by the opinion for our court.