[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 27, 2009
THOMAS K. KAHN
CLERK

No. 09-11997
Non-Argument Calendar

_____

D. C. Docket No. 08-00098-CV-T-27-EAJ

RICHARD MERRITT,
MARY JO MERRITT,

Plaintiffs-Appellants,

versus

LAKE JOVITA HOMEOWNER'S ASSOCIATION, INC.,
LYONS HERITAGE PASCO, LLC,
LYONS LAND PASCO, LLC,
LAKE JOVITA JOINT VENTURE,
MORRIS NEEDLES,
individually and in his representative
capacities as officer in the LLCs,
BOBBY LYONS,
individually and in his representative
capacity as officer in the LLCs,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 27, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Merritt and Mary Jo Merritt (the "Merritts") have appealed from the dismissal of their complaint, filed pursuant to the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The Merritts argue: (1) that the district court erred by dismissing the claims against defendants Lake Jovita Homeowners' Association ("LJHOA") and Lake Jovita Joint Venture ("LJJV") "with" prejudice in its August 29, 2008 order, and abused its discretion by denying the Merritts' motion to amend their complaint following the September 30, 2008 amended order; (2) that the district court erred in dismissing the Merritts' second amended complaint, i.e., their federal RICO claim, pursuant to Rule 12(b)(6); and (3) that the district court abused its discretion by stating that it would entertain a motion for sanctions against the Merritts.[1] The appellees have moved for sanctions against the Merritts pursuant to Rule 38 of the Federal Rules of

---

[1] In the "Statement of the Issues" section of their brief, the Merritts also suggest that their second amended complaint supported a claim under the Interstate Land Sales Full Disclosure Act ("ILSFDA"), a claim that they never presented in any of their three complaints below. Therefore, the issue is not properly before us. Hurley v. Moore, 233 F.3d 1295, 1297-98 (11th Cir. 2000). Furthermore, the Merritts do not address this issue anywhere else in their brief and, therefore, have waived the argument. See Mingkid v. U.S. Att'y Gen., 468 F.3d 763, 767 n.1 (11th Cir. 2006) ("Issues not argued on appeal are deemed waived."); Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979) (stating that a point raised in the statement of the issues but not addressed anywhere else in the brief is deemed abandoned). Accordingly, we decline to address this issue.

Appellate Procedure. LJHOA and LJJV have also moved for sanctions pursuant to 28 U.S.C. § 1927.

## I. The August 29th order and the September 30th amended order

The Merritts' misinterpret the September 30th order and apparently are under the impression that this amended order stated new deficiencies in the Merritts' second amended complaint, which they were not given the opportunity to cure. However, the September 30th order, which was titled "Amended Order," clearly stated that the final page of the order was amended to clarify that the claims against LJHOA and LJJV were dismissed "without" prejudice, and that the remainder of the order was identical to the August 29th order. The Merritts were in no way prevented from complying with the amended order, as they had already filed an amended complaint against all of the defendants, including LJHOA and LJJV. The Merritts have failed to show that they were unduly prejudiced by the court's typographical error in the August 29th order, or by the court's denial of their motion to extend the time to amend the complaint. Accordingly, the district court committed no error and did not abuse its discretion in denying the Merritts the opportunity to further amend their complaint.

## II. Dismissal for failure to state a federal RICO claim

We review a district court ruling on a Rule 12(b)(6) motion de novo,

3

accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  Furthermore, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998).[2]

To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S.Ct. at 1965.  A district court may properly dismiss a complaint if it rests only on "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

In order to state a federal RICO violation, plaintiffs typically must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams v. Mohawk Indus. 465 F.3d 1277, 1282 (11th Cir. 2006) (citation and internal quotation marks omitted).  A pattern of racketeering activity requires at

_____

[2] Although Richard and Mary Jo Merritt are both proceeding pro se, Richard Merritt has been a licensed attorney in the state of Florida since 1982.

least two distinct but related predicate acts. Maiz v. Virani, 253 F.3d 641, 671 (11th Cir. 2001). The predicate acts must amount to, or otherwise pose a threat of, "continuing racketeering activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240, 109 S.Ct. 2893, 2901, 106 L.Ed.2d 195 (1989) (emphasis in original). Plaintiffs must also show injury to business or property by reason of the substantive RICO violation. Williams, 465 F.3d at 1282-83.

The Merritts allege predicate acts of mail fraud and wire fraud, which must be pled with an increased level of specificity pursuant to Rule 9(b). See Ambrosia Coal & Constr. Co. V. Morales, 482 F.3d 1309, 1316 (11th Cir. 2007). "RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Id. at 1316-17. In a case involving multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in the fraud. Id. at 1317.

Because the Merritts failed to plead their federal RICO claim with the required level of specificity, the district court did not improperly dismiss their complaint for failing to state a RICO claim. See Morales, 482 F.3d at 1317. Even assuming that the Merritts sufficiently alleged the predicate acts, however, their

complaint still would have failed to state a RICO claim, because the Merritts failed to show that the two predicate acts amounted to, or otherwise posed a threat of, continuing racketeering activity.  See H.J. Inc., 492 U.S. at 242, 109 S.Ct. at 2902 ("Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement."); see also Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1266-67 (11th Cir. 2004) (finding nine months insufficient to establish continuity and noting that "where the RICO allegations concern only a single scheme with a discrete goal, the courts have refused to find a closed-ended pattern of racketeering, even when the scheme took place over longer periods of time.").

### III.  The district court's statement that it would entertain sanctions against the Merritts

To the extent that the Merritts see the district court's statement that it would entertain sanctions against them as an impropriety that reflects adversely on its other rulings, they are mistaken.[3]  In a ten page order, the district court set forth the deficiencies in the Merritts' first amended complaint and stated that it would entertain renewed motions for sanctions from the defendants should the Merritts plead a similarly deficient RICO claim.  The court repeated that sentiment with

---

[3] At the time when the Merritts appealed from the dismissal of their second amended complaint, the award and the amount of any Rule 11 or other sanctions was not yet determined and, therefore, not final.  Accordingly, the question of district court sanctions is not before us.

6

more vigor when it dismissed the second amended complaint. Under Rule 11, the district court always has the discretion to <u>entertain</u> motions for Rule 11 sanctions, and it their argument that the court's statement displayed an improper motive, especially in light of the court's thorough review of the complaint and its deficiencies, is without merit. <u>See</u> Fed.R.Civ.P. 11(c)(2).

## IV. Rule 38 motion for sanctions

Pursuant to Rule 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed.R.Civ.P. 38. We have awarded sanctions to defendants in RICO claims where there was no factual basis for them when initially pled, and yet the plaintiffs persisted in propagating the litigation and appealing the decisions of the district court to harass the defendants into some kind of settlement. <u>Pelletier v. Zweifel</u>, 921 F.2d 1465, 1523 (11th Cir. 1991). We have also awarded sanctions when the appellant disregarded the applicable law and relied on "clearly frivolous" arguments. <u>United States v. Single Family Residence & Real Property</u>, 803 F.2d 625, 632 (11th Cir. 1986).

Because the Merritts' appeal is clearly frivolous, pursuant to Rule 38, we award to appellees double costs and reasonable attorney's fees incurred by reason

of this appeal, to be paid by appellants, Richard Merritt and Mary Jo Merritt.

## V. Section 1927 sanctions

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

While Mr. Merritt is an attorney licensed in the state of Florida, it is not clear that he is an "attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof" for purposes of § 1927. See 28 U.S.C. § 1927. Given that the appellees are entitled to sanctions pursuant to Rule 38, we DENY the motion of LJHOA and LJJV to impose sanctions pursuant to §1927 as well.

AFFIRMED and SANCTIONS IMPOSED. This case is REMANDED for the district court to assess the amount of appellees' reasonable attorneys' fees in connection with this appeal.