[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2010
JOHN LEY
CLERK

No. 09-15149
Non-Argument Calendar
_____

D. C. Docket No. 08-03745-CV-1-WBH

GLENN HENDERSON,

Plaintiff-Appellant,

versus

BOB REID,
SUE REID,

Defendants,

JAVIER DOMINGUEZ,
UNITED STATES GOVERNMENT,
3 JOHN OR JANE DOES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 30, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Glenn Henderson appeals the dismissal of his pro se civil rights complaint against the United States, Javier Dominguez, a postal inspector, and Bob and Sue Reid, two former neighbors, pursuant to Federal Rule of Civil Procedure 12(b)(6). On appeal, Henderson: (1) reasserts his request for declaratory relief regarding whether it was permissible for him to write and mail letters about Bob Reid, and asserts several claims against the various defendants, including intentional infliction of emotional distress, violation of a California anti-harassment statute, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962-1964;[1] and (2) argues that the statute of limitations should have been tolled because Dominguez threatened him with arrest. After thorough review, we affirm.

We review a district court's ruling on Rule 12(b)(6) motion de novo. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). We also review our subject matter jurisdiction de novo. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

---

[1] Henderson also appears to be asserting a claim under the Freedom of Information Act requesting access to any information the USPS has on him, and a due process violation on the grounds that Dominguez's alleged threat amounted to a restraining order imposed without a hearing. However, because these claims are raised for the first time on appeal, we will not address them. Hurley v. Moore, 233 F.3d 1295, 1297 (11th Cir. 2000).

First, we are unpersuaded that the district court erred in dismissing the claims in Henderson's complaint. A district court may dismiss a complaint under Rule 12(b)(6) if the facts as pled do not state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1950 (2009). In ruling on a Rule 12(b)(6) motion to dismiss, the court views the complaint in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

Here, Henderson has failed to concretely and plausibly allege any claims that show that he is entitled to relief. First, because he did not argue in the district court that California law should apply to his claims, he is precluded from arguing for California law as a statutory basis to support his harassment claims. See Daewoo Motor Am., Inc. v. Gen. Motors Corp., 459 F.3d 1249, 1256-57 (11th Cir. 2006)

3

(holding that choice-of-law arguments, if not properly presented to the district court, are waived). Second, the alleged behavior of neither Dominguez nor the Reids even comes close to the level of extreme and outrageous behavior necessary to state a claim for intentional infliction of emotional distress. See Higdon v. Jackson, 393 F.3d 1211, 1222 (11th Cir. 2004) (noting that under Georgia law, "[l]iability has been found only where the defendant's conduct was 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society'"). Moreover, Henderson has not alleged a pattern of racketeering activity that would plausibly state a claim under RICO. Finally, his request for declaratory relief related to events that occurred almost ten years ago is both stale and factually implausible. By his own admission, Dominguez merely asked him to stop sending letters, and failed to continue the dialogue when Henderson sought to pursue it. Therefore, we have no basis on which to grant Henderson's request for declaratory relief.

We likewise reject Henderson's claim that the statute of limitations should have been tolled because Dominguez threatened him with arrest.[2] "Equitable

---

[2] While we recognize that we would not have jurisdiction over an appeal if the appellant does not file a timely notice of appeal, Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1272 (11th Cir. 2001), we do have jurisdiction over Henderson's tolling argument. Federal Rule of Civil Procedure 54 provides that

> [w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or

tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Therefore, the "interests of justice side with the defendant when the plaintiff does not file [his] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993).

In this case, the longest statute of limitations applicable to any of the claims is five years, but Henderson waited almost ten years before filing his complaint in the district court. As a result, in the absence of equitable tolling, his claims against

---

more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties.

Fed.R.Civ.P. 54(b).

Here, Henderson's claims against the Reids were dismissed as time-barred, and he did not immediately appeal the entry of judgment against him on those claims or specify in his notice of appeal that he was appealing the order granting dismissal of those claims. Nonetheless, because an appeal from the final judgment in a case brings up for review all preceding non-final orders, if the order granting the Reids' motion to dismiss was a non-final order, then Henderson timely appealed that order. See Kirkland v. Nat'l Mortgage Network, Inc., 884 F.2d 1367, 1369-70 (11th Cir. 1989). Although the district court directed the clerk to enter judgment in favor of the Reids, the court did not make an express determination that there was no just reason for delay as required by Rule 54(b). In the absence of such an express determination by the district court, Henderson could not appeal the order granting summary judgment in favor of the Reids until the district court entered final judgment in the case. Therefore, we have jurisdiction to consider Henderson's appeal of that order.

5

the Reids are stale. However, Henderson has failed to plausibly allege any facts showing that he is entitled to equitable tolling. See Iqbal, 129 S.Ct. at 1950. While he argues that he should be entitled to such tolling because Dominguez threatened him, Henderson's complaint, when taken as true, does not support that argument because in his complaint, he states only that Dominguez asked him to stop sending the letters. Therefore, Henderson's claims against the Reids are time-barred.

Moreover, Henderson's claims against the government and Dominguez are also time-barred, and equitable tolling would not apply to those claims for the same reasons that it would not apply to the claims against the Reids. Although the district court did not dismiss Henderson's claims against the government and Dominguez based on the expiration of the statute of limitations, we affirm the dismissal on this ground. See Glatter v. Mroz, 65 F.3d 1567, 1574 (11th Cir. 1995) (noting that even if the lower court relied on a wrong ground or wrong reason, if the decision it reached is correct, it must be affirmed).

Accordingly, all of Henderson's claims are time-barred, and we affirm the district court's orders dismissing them.

**AFFIRMED.**