[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13224
Non-Argument Calendar

_____

D.C. Docket Nos. 1:14-cv-21146-CMA; 11-bkc-20436-AJC


In Re: BERNARD SEIDLING,

                                        Debtor.

_____

CHRISTINE SEIDLING,

                                        Plaintiff - Appellant,

versus

PAUL KELLY,

                                        Defendant - Appellee.


_____

No. 14-13391
Non-Argument Calendar

_____

D.C. Docket Nos.  1:14-cv-21148-CMA; 11-bkc-20436-MIA

In Re: BERNARD C. SEIDLING,

                                                          Debtor.

_____

CHRISTINE SEIDLING,

                                                    Plaintiff - Appellant,

                              versus

ANTHONY SCHEUER,

                                                    Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 4, 2015)

Before HULL, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Christine Seidling (Seidling) appeals the district court's affirmance of the bankruptcy court's order allowing creditor Paul Kelly's claim against Seidling's ex-husband's estate.  After careful consideration, we affirm.[1]

_____

[1] In addition to the Kelly appeal (No. 14-13224), Seidling also appeals from a similar bankruptcy court order in favor of another creditor, Anthony S. Scheur (No. 14-13391).  Both the Kelly and Scheur appeals involve many identical issues, and we affirm for substantially the same reasons.  With respect to the two distinct issues raised in the Scheur appeal, we agree with the district court these arguments were waived.  *See Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court.").

2

## I.  BACKGROUND

Bernard Seidling (Debtor) filed a Chapter 7 bankruptcy.  Kelly filed a proof of claim based on Debtor's involvement in a bad-faith involuntary bankruptcy against Kelly's son.  Debtor and Seidling each filed objections to Kelly's claim.

After roughly one year of litigation between the Seidlings and Kelly, Debtor admitted, by failing to respond to a request for admission, *see* Fed. R. Civ. P. (a)(3), that he "entered into a conspiracy to file a bad faith involuntary bankruptcy" against Kelly's son.  Accordingly, Debtor withdrew his objection to Kelly's claim.

With only Seidling's objection outstanding, Kelly moved for final judgment and liquidation of his claim.  The bankruptcy court granted the motion, holding Seidling no longer had standing to raise an objection to Kelly's claim and allowing Kelly's claim against the estate in the full amount of $640,000.  Seidling appealed to the district court.  The district court affirmed, and Seidling now appeals to this Court.

## II.  DISCUSSION

### 1.  *Debtor's Admission*

The primary issue in this appeal is whether the bankruptcy court erred in allowing Kelly's claim against Debtor's estate based, in part, on Debtor's admission that Kelly's bad faith claim had merit.  The bankruptcy court did not err in relying on Debtor's admissions.  *Cf. Conlon v. United States*, 474 F.3d 616, 621

(9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.").  The only authority Seidling cites to support her position is Rule 36(b) of the Federal Rules of Civil Procedure, which states a party's admission "is not an admission for any other purpose and cannot be used against the party in any other proceeding."  As the district court pointed out, however, the bankruptcy court's use of Debtor's admissions did not violate Rule 36(b).  Debtor's admission was used against the same party (Debtor) in the same proceeding.  Accordingly, the district court did not err in relying on Debtor's admissions.

Furthermore, the bankruptcy court held Seidling lacked standing to object to Kelly's claim, and Seidling has not challenged that holding.  Given that Seidling's objections were not legally operative, and given that the only other objection was withdrawn, the bankruptcy court had no basis for disallowing Kelly's claim.  *See* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."); *see also In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011) ("[A] proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim.").

4

*2. Other Issues*

Seidling's appeal raises several other issues, including: (i) the *sua sponte* overruling of Seidling's objection; (ii) lack of notice; (iii) denial of due process; (iv) the requirement of a trial on damages; (v) insufficient evidence to support the damage award; and (vi) punitive damages improperly awarded.  We do not address the merits of these issues because, as the district court found, they have been waived.  Bankruptcy Rule 8006 requires an appellant to file and serve, within 14 days after filing a notice of appeal, "a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  Fed. R. Bankr. P. 8006.  "An issue that is not listed pursuant to [Rule 8006] and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal." *In re Freeman*, 956 F.2d 252, 255 (11th Cir. 1992).

When Seidling appealed to the district court, she filed a Rule 8006 statement of issues that raised only one question:  whether "the Court erred" in entering the order.  As the district court explained, "[a] statement of issues that merely accuses the bankruptcy court of having 'erred' is insufficient to infer specific grounds for error upon appeal."  (District Court Opinion at 6.)  Accordingly, the district court did not err in holding these issues were waived.

### III.  CONCLUSION

For the foregoing reasons, the district court's judgments are **AFFIRMED**.