[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12004
Non-Argument Calendar

_____

D.C. Docket No. 5:14-cv-00027-CAR

LARRY BROOKS,

Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF THE AIR FORCE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 14, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Larry Brooks appeals the district court's decision granting the Department of the Air Force's (the Air Force) motion for summary judgment in his employment discrimination suit.  Brooks filed this suit in federal court following an unsuccessful appeal to the Merit Systems Protection Board (MSPB or Board) of his removal from his job at Robins Air Base.  Brooks contends the district court erred in granting summary judgment to the Air Force as to his race discrimination claim, and erred in concluding he abandoned any challenge to the MSPB's decision affirming his removal.  After careful review,[1] we affirm.

I.

The district court did not err in granting summary judgment to the Air Force as to Brooks discrimination claim.  First, Brooks failed to present a *prima facie* case of race discrimination.  To make out a *prima facie* case, a plaintiff must demonstrate (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class.  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).  Brooks failed to establish the Air Force treated him less favorably than a similarly-situated individual outside his protected class.

---

[1] We review a summary judgment determination *de novo*, viewing all evidence in the light most favorable to the non-moving party.  *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

A comparator is similarly situated if "the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006) (citations omitted). To prevent courts from "second-guessing employers' reasonable decisions," the quantity and quality of the comparator's misconduct must be "nearly identical." *Maniccia v. Brown*, 171 F.3d 1364, 1368–69 (11th Cir. 1999). Brooks' five proposed comparators were neither involved in, nor accused of, nearly identical misconduct. None were accused of making inappropriate comments and then attempting to dissuade the object of those comments from reporting to management. Moreover, a different person supervised Brooks' proposed comparators, and differences in treatment by different supervisors seldom support a viable claim of discrimination because different supervisors may employ different disciplinary measures. *Silvera v. Orange Cty. Sch. Bd.*, 244 F.3d 1253, 1261 n.5 (11th Cir. 2001) (citing cases).

Second, even if Brooks presented a *prima facie* case of race discrimination, he failed to establish the Air Force's stated, non-discriminatory reason for terminating his employment was pretext for discrimination. Under Title VII, a plaintiff need not directly prove that race motivated the employer's challenged decision. Rather, a plaintiff may rely on circumstantial evidence to demonstrate the employer's discrimination. *See, e.g., St. Mary's Honor Center v. Hicks,* 509

U.S. 502, 526 (1993) ("Because Title VII tolerates no racial discrimination, subtle or otherwise, we devised a framework that would allow both plaintiffs and the courts to deal effectively with employment discrimination revealed only through circumstantial evidence.") (citations and quotations omitted).  To prove discriminatory treatment through circumstantial evidence: (1) a plaintiff must first make out a *prima facie* case, (2) then the burden shifts to the defendant to produce legitimate, nondiscriminatory reasons for the adverse employment action, and (3) then the burden shifts back to the plaintiff to establish that these reasons are pretextual.  *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04 (1973).  Here, the record is devoid of direct or circumstantial evidence allowing a jury to find that the Air Force's stated reasons for firing him—his inappropriate comments to a subordinate employee and attempts to convince her to refrain from reporting— were pretext for racial discrimination.

Finally, we need not address Brooks' argument on appeal based on *Smith v. Lockheed–Martin Corp.*, 644 F.3d 1321 (11th Cir. 2011), because he did not raise it before the district court.  *See Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) (courts need not address arguments that litigants raise for the first time on appeal).  Accordingly, we affirm the district court's grant of summary judgment to the Air Force as to Brooks' race discrimination claim.

4

II.

The district court did not err in concluding Brooks abandoned any challenge to the MSPB's decision affirming the Air Force's removal decision.  A district court reviews discrimination claims previously raised before the MSPB *de novo*, *Kelliher v. Veneman*, 313 F.3d 1270, 1274 (11th Cir. 2002); however, parties waive arguments they fail to raise in the district court.  *See Hurley*, 233 F.3d at 1297.  Brooks, proceeding with the assistance of counsel, made no mention of the MSPB decision in his response to the Air Force's motion for summary judgment, other than to generally maintain he never made inappropriate comments toward a subordinate employee.  Instead, he focused exclusively on his race discrimination claim.  Brooks made no attempt to indicate why the Board's decision was arbitrary or capricious, made without regard to law, or unsupported by substantial evidence. *See Kelliher*, 313 F.3d 1270, 1274 (District courts only set aside a MSPB decision if "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.").  Accordingly, we affirm the district court's conclusion that Brooks abandoned any challenge to the MSPB's decision affirming his removal.

**AFFIRMED.**

5