[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11701

Non-Argument Calendar

_____

NIKII RAMCHANDANI,

Plaintiff-Appellant,

*versus*

SUNIT SANGHRAJKA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00330-CEM-DCI

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Nikii Ramchandani, proceeding *pro se*, appeals from the district court's dismissal of her complaint alleging that Sunit Sanghrajka, her former landlord, committed abuse of process by evicting her frozen yogurt franchise store out of the space she had leased from him. Ramchandani makes several new arguments on appeal but does not argue that the district court abused its discretion when it dismissed her complaint for failure to comply with the court's order and local rules. After thorough review, we affirm.

We ordinarily review a district court's dismissal for failure to comply with rules of the court for abuse of discretion. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). "Discretion means the district court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (quotation omitted). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Moreover, "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Additionally, "[a]rguments raised for the first time

on appeal are not properly before this Court." *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, *pro se* litigants are required to comply with applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the leniency afforded *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a claim if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). A district court may also dismiss a claim *sua sponte* based on its inherent power to manage its docket. *Betty K*, 432 F.3d at 1337. However, the discretion afforded under Rule 41(b) is not unlimited, and a district court may only dismiss a case with prejudice as a last resort in exceptional circumstances. *Zocaras*, 465 F.3d at 483. A dismissal without prejudice is tantamount to a dismissal with prejudice when the dismissal has the effect of precluding a plaintiff from refiling her claim due to the running of the statute of limitations. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018).

The Middle District of Florida's local rules provide that each party shall file a disclosure statement. M.D. Fla. L.R. 3.03(a).

Additionally, lead counsel must promptly file a "Notice of a Related Action" form.  M.D. Fla. L.R. 1.07(c).

Here, the district court did not abuse its discretion when it dismissed Ramchandani's complaint without prejudice.  For starters, the court was within its authority to dismiss the complaint for failure to comply with its local rules.  *See* Fed. R. Civ. P. 41(b); *Betty K*, 432 F.3d at 1337.  This is especially the case since Ramchandani was forewarned by the district court that failure to comply with the court's local rules might result in dismissal.  *Moon*, 863 F.2d at 837.  Indeed, the district court issued an order expressly requiring Ramchandani to file a Notice of Pendency of Other Actions and a Corporate Disclosure Statement, in compliance with the district court's local rules, and advised the parties that "[f]ailure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice."  Nevertheless, Ramchandani never responded to the court's order.  Moreover, under our case law, Ramchandani's *pro se* status did not excuse her from complying with the court's order or local rules.  *See Albra*, 490 F.3d at 829.  And to the extent the district court's dismissal was improper because it was tantamount to a dismissal with prejudice -- now that Ramchandani is precluded from refiling her complaint within the statute of limitations -- she has abandoned this argument by failing to raise it on appeal.  *See Mickles*, 887 F.3d at 1280; *Sapuppo*, 739 F.3d at 680.

As for the other arguments made in Ramchandani's brief -- which address only the merits of her claim -- she raised them for the first time on appeal, so they are not properly before us. *Hurley*, 233 F.3d at 1297. Nor need we address Ramchandani's requests for a new judge and counsel because remand is not warranted in this case. Accordingly, we affirm.

**AFFIRMED.**