[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11303

Non-Argument Calendar

_____

NATHANIEL O'NEAL,

Plaintiff-Appellant,

*versus*

JESSICA M. SANTIAGO,et. al.,

Defendants,

SHAUNDERRICK M. GREENE,
Sergeant,
JUSTIN P. NEEL,
Lieutenant,
EVAN R. MANNERS,
Sergeant,

2                    Opinion of the Court                    23-11303

ANDREW ALLIGOOD,
Officer,
CODY R. SEAMAN,
Officer, et al.,

                                                Defendants-Appellees.

                    _____

                    Appeal from the United States District Court
                      for the Northern District of Florida
                    D.C. Docket No. 3:21-cv-00685-LC-ZCB

                    _____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Nathaniel O'Neal, a Florida state prisoner proceeding *pro se*, appeals the district court's order granting summary judgment in favor of eight Florida Department of Corrections employees in his case alleging excessive use of force, failure to intervene, and deliberate indifference to his serious medical needs, in violation of 42 U.S.C. § 1983. O'Neal argues that the district court erred in granting summary judgment in favor of the defendants because the video evidence did not depict the use of force incident and his claims were meritorious.

**I.**

We review *de novo* the district court's grant of summary judgment. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001). Although *pro se* pleadings are held to less stringent standards, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We "may affirm for any reason supported by the record, even if not relied upon by the district court." *Hill v. Emp. Benefits Admin. Comm. of Mueller Grp. LLC*, 971 F.3d 1321, 1325 (11th Cir. 2020) (quotation marks omitted).

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A nonmoving party may dispute a material fact through a declaration, which must be "made on personal knowledge, set out facts that would be admissible in evidence, . . . show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. Proc. 56(c)(4).

Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record . . . a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Where a video obviously contradicts Plaintiff's version of the facts, we accept the video's depiction instead of Plaintiff's account. *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

Under 42 U.S.C. § 1983, no person acting under color of law shall deprive another of their constitutional rights. Thus, to prevail on a § 1983 civil rights action, "a plaintiff must show that he . . . was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. This "places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quotation marks omitted, alteration adopted). Unnecessary and wanton inflictions of pain include "those that are totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quotation marks omitted). However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force" that are not "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10 (quotation marks omitted).

In considering an Eighth Amendment excessive force claim, we must consider both an objective and subjective component: whether officials "acted with a sufficiently culpable state of mind" and whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 8 (quotation marks omitted, alteration adopted).

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." *Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) (quotation marks omitted). To determine whether an application

of force is excessive, we consider: "(1) the need for the application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response." *Id.* (quotation marks omitted). "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers*, 475 U.S. 312, 321 (1986). "[O]nce the necessity for the application of force ceases, any continued use of harmful force can be a violation of the Eighth and Fourteenth Amendments . . . ." *Williams v. Burton*, 943 F.2d 1572, 1576 (11th Cir. 1991).

Additionally, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Sears*, 922 F.3d at 1205–06 (quotation marks omitted). But, an officer may only be liable for failing to protect if the officer was in a position to intervene yet failed to do so. *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000). However, "[m]ere knowledge of a substantial risk of serious harm" is insufficient. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1583 (11th Cir. 1995). A plaintiff must produce evidence that the officer "knowingly or recklessly disregarded that risk by failing to take reasonable measures to abate it." *Id.* (quotation marks omitted, alteration adopted).

Arguments raised for the first time on appeal are not properly before us. *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).

The district court did not err in granting summary judgment in favor of the Officer Defendants as to O'Neal's Eighth Amendment claims against them because the video evidence obviously contradicts O'Neal's version of the facts. Further, construing the facts in the light most favorable to O'Neal, the evidence shows that Greene applied force against O'Neal to maintain or restore discipline, and thus his application was legitimate under the Eighth Amendment. Because O'Neal was resisting, Greene's actions were not "totally without penological justification," and it can be inferred from the circumstances that Greene's use of force was plausibly thought necessary.

As to O'Neal's failure to intervene claims against the remaining Officer Defendants, an officer may only be held liable for failing to take reasonable steps to protect a victim of excessive force. Because Greene's use of force against O'Neal was not excessive, O'Neal's failure to intervene claims fail.

## II.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). To establish a claim of deliberate indifference to the medical needs of a prisoner, a plaintiff must show an objective and subjective component. *Hoffer v. Sec'y,*

*Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020).  Satisfying the objective prong requires a plaintiff to show an "objectively serious medical need." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (quotation marks omitted).  A medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention—that, if left unattended, poses a substantial risk of serious harm." *Id*. (quotation marks omitted).  The subjective component requires a showing that the defendant (1) actually knew about a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence. *Hoffer*, 973 F.3d at 1270.  Where an inmate complains that delay in medical treatment rose to a constitutional violation, we have required prisoners to "place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002).

We have held that medical care for prisoners under the Eighth Amendment does not require it to be "perfect, the best obtainable, or even very good." *Hoffer*, 973 F.3d at 1272 (quotation marks omitted).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S at 106.  Instead, medical treatment violates the Eighth Amendment "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

fundamental fairness." *Hoffer*, 973 F.3d at 1272 (quotation marks omitted). "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (quotation marks omitted, second alteration in original). Similarly, "[t]he question [of] whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment," which "does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Hoffer*, 973 F.3d at 1272 (quotation marks and alteration omitted).

Here, the district court did not err in granting summary judgment in favor of the Nurse Defendants as to O'Neal's Eighth Amendment claim of deliberate indifference to his serious medical need because he did not provide evidence sufficient to establish the existence of a serious medical need. O'Neal also failed to show that the Nurse Defendants "actually knew" about a risk of serious harm to him, as he has not shown a risk of serious harm. Finally, the Nurse Defendants' exercise of medical judgment does not amount to deliberate indifference towards O'Neal or cruel and unusual punishment.

**AFFIRMED.**