[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10633
_____

D.C. Docket No. 6:14-cv-00330-RBD-DAB


CROSLEY ALEXANDER GREEN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,
HARDEE CI WARDEN,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 15, 2017)

Before TJOFLAT and MARTIN, Circuit Judges, and MURPHY,* District Judge.

_____

* Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District
of Michigan, sitting by designation.

MARTIN, Circuit Judge:

Crosley Green, a Florida state prisoner, appeals from the District Court's dismissal of his federal habeas petition. The District Court found Mr. Green's petition was barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). After careful review, and with the benefit of oral argument, we reverse.

I.

In 1990, a Florida jury found Mr. Green guilty of one count of first degree felony murder, two counts of kidnapping, and two counts of robbery with a firearm. The trial court sentenced Mr. Green to death for the felony murder conviction and to a 27-year term of imprisonment on the remaining counts. The Florida Supreme Court affirmed the convictions and sentences on direct appeal. Green v. State, 641 So. 2d 391 (Fla. 1994). Mr. Green then filed a motion for postconviction relief, and the Florida courts concluded that he was entitled to a new penalty phase trial based on his trial counsel's ineffective assistance. Green v. State, 975 So. 2d 1090, 1099, 1116 (Fla. 2008). On August 31, 2009, the trial court resentenced Mr. Green to life imprisonment for the felony murder count. The Fifth District Court of Appeal affirmed on August 24, 2010. Green v. State, 43 So. 3d 707 (Fla. 5th DCA 2010) (per curiam) (table).

On September 27, 2010, Mr. Green filed an amended successive motion for

2

postconviction relief under Florida Rule of Criminal Procedure 3.850.[1]  His motion included the sworn oath: "I hereby declare under the penalty of perjury that the above information is true and correct, to the best of my knowledge."  On January 7, 2011, Mr. Green filed a second amended Rule 3.850 motion, which replaced the first amended motion and contained an identical oath.  On January 24, 2011, the state postconviction court denied the January 7 motion without prejudice because it included the qualified language "to the best of my knowledge," which did not satisfy Florida Rule of Criminal Procedure 3.987.[2]  The court instructed Mr. Green to refile the motion with a corrected oath within 30 days of its order.  Complying with this instruction, Mr. Green filed a corrected Rule 3.850 motion on February 4, 2011, which contained the proper oath.  The state postconviction court denied the motion on August 31, 2011.  The Fifth District Court of Appeal affirmed per curiam on February 5, 2013, and the mandate issued on March 1, 2013.

Mr. Green filed his 28 U.S.C. § 2254 petition in the District Court on

---

[1] Mr. Green previously filed a Rule 3.850 motion on July 2, 2010.  The state postconviction court dismissed this motion as premature because the Fifth District Court of Appeal had not at that time ruled on Mr. Green's appeal of his resentencing.  Mr. Green moved for reconsideration of this order on August 31, after the Fifth District Court of Appeal affirmed his sentence on direct appeal on August 24.  This time the postconviction court denied his motion because the mandate had not yet issued from the Fifth District, but it instructed Mr. Green that he could file his Rule 3.850 motion once the mandate issued.  The mandate from the Fifth District Court of Appeal issued on September 15, 2010.

[2] Rule 3.987 gives instructions for filing Rule 3.850 motions.  It provides that a "motion must [] be submitted under oath and state" that "all of the facts stated in your motion are true and correct."  Fla. R. Crim. P. 3.987.  It also provides a sample oath.

3

February 27, 2014.  He then filed an amended petition on March 26, 2014.  The District Court dismissed the petition as untimely.  It found that because Mr. Green's second amended Rule 3.850 motion (the January 7 motion) was denied due to an improper oath, it was not "properly filed" under Florida law, and so it did not toll AEDPA's limitation period.  The District Court calculated the limitation period to run for 74 days from the date Mr. Green's sentence became final on November 22, 2010, until February 4, 2011, when Mr. Green filed his corrected Rule 3.850 motion with the proper oath.  The period then tolled until March 1, 2013, when those Rule 3.850 proceedings concluded.  See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (per curiam) (holding that a Florida postconviction motion remains pending until the mandate issues in the appeal).  The court held that the one-year period expired 291 days later, on December 17, 2013.  As result, the District Court found that Mr. Green's February 27, 2014, federal habeas petition was untimely.  The District Court also found that Mr. Green was not entitled to equitable tolling and that he had failed to show "actual innocence" to excuse the time bar.

## II.

We review de novo a district court's dismissal of a § 2254 petition as time-barred under § 2244(d).  Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006).  Mr. Green argues here that his § 2254 petition is timely because AEDPA's

4

limitation period was tolled during the entire period between when he filed his first amended Rule 3.850 motion on September 27, 2010, and when those Rule 3.850 proceedings concluded on March 1, 2013. In the alternative, he argues that he is entitled to equitable tolling and that he has also shown "actual innocence" to excuse the time bar under McQuiggin v. Perkins, 569 U.S. 383, 133 S. Ct. 1924 (2013).

AEDPA establishes a one-year period for filing a § 2254 petition for a writ of habeas corpus. The one-year period begins to run from the latest of four triggering events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation period does not begin to run until "both the conviction and sentence are final." Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292–93 (11th Cir. 2007). Mr. Green's sentence became final on November 22, 2010, the date on which the 90-day period for filing a petition for certiorari with the U.S. Supreme Court expired. See Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236–37 (11th Cir. 2004) (per curiam). Absent statutory or equitable tolling, therefore, the limitation period ran on November 23, 2011,[3] and Mr.

---

[3] The limitation period began to run the day after the conviction and sentence became final, on November 23, 2010. See San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to the calculation of the AEDPA's one-year limitation period and explaining that the limitation period therefore begins to run from the day after the day of the event that triggers the period). We calculate the one-year limitation period under AEDPA using the "anniversary method," which means the limitation period

Green's February 27, 2014, federal habeas petition would be time-barred.

The one-year limitation period for filing a § 2254 petition is tolled during times in which a "properly filed" application for state post-conviction relief is "pending." 28 U.S.C. § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000). The laws and rules governing filings "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. (footnote omitted). The question of whether an application is properly filed is a different one from that of whether the claims in the application have merit and are free from procedural bar. Id. at 9, 121 S. Ct. at 364. "[U]nder Artuz, we look to the state procedural rules governing filings to determine whether an application for state post-conviction relief is 'properly filed.'" Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004) (per curiam).

Under Florida law, Rule 3.850 motions "must be under oath." Fla. R. Crim. P. 3.850(c). An oath is inadequate if it contains qualifying language, such as "to the best of [my] knowledge." Scott v. State, 464 So. 2d 1171, 1172 (Fla. 1985).

---

expired on the anniversary of the date it began to run—November 23, 2011. See Ferreira, 494 F.3d 1289 n.1 (noting that the limitation period should be calculated using "the anniversary date of the triggering event").

6

This Court has held that a Rule 3.850 motion is not properly filed—and therefore does not toll AEDPA's limitation period—if it does not contain the written oath required by Florida law. Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000) (per curiam).

Mr. Green's oaths associated with his September 27, 2010 and January 7, 2011 Rule 3.850 motions did not comply with Florida's oath requirement because they included the qualified language "to the best of my knowledge." These motions were not therefore "properly filed" as that term is used in § 2244(d). Hurley, 233 F.3d at 1298. Yet these determinations do not end our analysis. Mr. Green's corrected Rule 3.850 motion, filed on February 4, 2011, was properly filed because it fixed the oath deficiency. And Mr. Green points out that under Florida law, a postconviction motion that corrects a deficient oath relates back to and is deemed filed as of the original filing date. Mr. Green argues that Florida's application of its own procedural rules controls and, as a result, his February 4, 2011, state postconviction motion was properly filed as of the original filing date— September 27, 2010. We agree.

Under Florida law, when a postconviction motion is stricken with leave to amend, the amended motion relates back to the date of the original filing. See Bryant v. State, 901 So. 2d 810, 818 (Fla. 2005); see also Spera v. State, 971 So. 2d 754, 761 (Fla. 2007) (holding that when a petitioner's initial Rule 3.850 motion

7

for postconviction relief is determined to be legally insufficient for failure to meet the Rule's requirements, the trial court must allow the defendant at least one opportunity to amend the motion). Here, Mr. Green filed his Rule 3.850 motion on September 27, 2010, and he amended that motion on January 7, 2011. The state postconviction court denied the Rule 3.850 motion with leave to amend, and Mr. Green filed an amended, corrected motion on February 4, 2011. Therefore, under Florida's rule, Mr. Green's corrected Rule 3.850 motion related back to the original filing date—September 27, 2010. This means the entire period between September 27, 2010, and the conclusion of the Rule 3.850 proceedings on March 1, 2013, was tolled. Because Mr. Green's § 2254 petition was filed less than one year later—on February 27, 2014—his § 2254 petition is timely.

The State argues that our decision in Hurley forecloses this conclusion. But Hurley does not decide this case. Mr. Hurley never corrected the oath in his Rule 3.850 motion, and therefore his case provided no basis for this Court to decide whether a corrected, properly filed motion would relate back to the original filing date. See Hurley, 233 F.3d at 1297–98. Neither does this Court's decision in Melson v. Allen, 548 F.3d 993 (11th Cir. 2008), judgment vacated on other grounds, 561 U.S. 1001, 130 S. Ct. 3491 (2010), persuade us otherwise. In Melson, this Court held that an Alabama prisoner's amended state postconviction petition, which corrected verification deficiencies of a previously filed petition, did

8

not toll AEDPA's limitation period where the corrected motion was filed <u>after</u> the expiration of the federal limitation period.  <u>Id.</u> at 997–98.  The Court explained that a prisoner cannot "resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the statute."  <u>Id.</u> at 998 (quoting <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004)).  In doing so, <u>Melson</u> relied on circuit precedent holding that once AEDPA's limitation period expires, it cannot be revived.  <u>See</u> <u>Sibley</u>, 377 F.3d at 1204 (explaining that a "state court filing after the federal habeas filing deadline [has passed] does not revive it" because "once a deadline has expired, there is nothing left to toll").  But Mr. Green does not seek to revive an expired limitation period.  His corrected motion was filed within AEDPA's limitation period.  Thus, <u>Melson</u> and the precedent it relied upon are distinguishable.

We note that <u>Melson</u> did not consider state law in deciding whether the relation back doctrine should apply.  But precedent from the U.S. Supreme Court and this Court indicates that state law must inform our analysis of whether state postconviction filings toll AEDPA's limitation period under § 2244(d).  <u>See</u> <u>Artuz</u>, 531 U.S. at 8, 121 S. Ct. at 364; <u>Webster v. Moore</u>, 199 F.3d 1256, 1258–59 (11th Cir. 2000) (per curiam).  The Florida Supreme Court deems an amended Rule 3.850 motion filed as of the date of the original filing, and we must defer to the

9

judgment of Florida's highest court.  See Gore v. State, 24 So. 3d 1, 16 (Fla. 2009) (explaining that an amended state postconviction motion related back to the date the initial motion was filed, and stating "in our view this Court's order granting an extension of time in which to file an amended motion rendered Gore's motion timely for purposes of federal review" under § 2244(d)(2)); see also Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 2139–40 (2002) (noting that "it is the State's interests that the tolling provision seeks to protect"); Webster, 199 F.3d at 1259 ("[W]e see no principled reason to apply a lesser measure of deference to the state court in the context of § 2244(d)(2) than we apply in the context of procedural default questions.").

To recap, under Florida law Mr. Green's corrected Rule 3.850 motion relates back to September 27, 2010.  In keeping with Florida's rule, then, AEDPA's limitation period was tolled from that date until the conclusion of the Rule 3.850 proceedings on March 1, 2013.  Because Mr. Green's § 2254 petition was filed less than one year later, his § 2254 petition is timely.

### III.

We reverse the District Court's dismissal of Mr. Green's § 2254 petition as time-barred and remand for further proceedings.  Because we reverse the District Court on the issue of statutory tolling, we do not reach Mr. Green's arguments on equitable tolling or actual innocence.

10

**REVERSED AND REMANDED**.