[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10767
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-00108-CEH-AEP

WYNDEL R. HALL,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 12, 2019)

Before TJOFLAT, MARCUS and ROSENBAUM, Circuit Judges.

TJOFLAT, Circuit Judge:

Wyndel R. Hall, a Florida prisoner proceeding *pro se*, appeals from the

District Court's dismissal of his 28 U.S.C. § 2254 petition as untimely. On appeal,

he argues that the District Court erred by failing to toll the statute of limitations of

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") from the

date he filed a deficient motion in state court pursuant to Florida Rule of Criminal

Procedure 3.850.  Relying on *Green v. Secretary, Department of Corrections*, 877

F.3d 1244 (11th Cir. 2017), he argues that his later-filed, corrected Rule 3.850

motion related back to his deficient motion, thus tolling the limitations period.  For

the reasons set forth below, we vacate the District Court's order and remand for

further proceedings.

I.

Hall was convicted of one count of capital sexual battery[1] and one count of

resisting arrest or obstructing an officer without violence by a Polk County jury in

2010.  He appealed, and the state appellate court affirmed his convictions and

sentence on March 28, 2012.  *See Hall v. State*, 96 So. 3d 895 (Fla. Dist. Ct. App.

2012) (unpublished table opinion).  He did not petition the Supreme Court of the

United States for a writ of certiorari.  Thus, his conviction became final for

AEDPA purposes on June 26, 2012.  *See Bond v. Moore*, 309 F.3d 770, 774 (11th

Cir. 2002) (holding that AEDPA's limitations period does not begin to run until the

90-day window during which petitioner could have petitioned the Supreme Court

---

[1] Capital sexual battery was formerly punishable by death.  Today, it is capital only in name.  *See Kennedy v. Louisiana*, 554 U.S. 407, 437, 128 S. Ct. 2641, 2659 (2008); Fla. Stat. 775.082(2).

of the United States for writ of certiorari expires).  Unless tolled, the AEDPA limitations period gave Hall until June 26, 2013, to file his federal habeas petition.

On April 11, 2013—289 days after the AEDPA limitations period began to run, with 76 days remaining—Hall filed a motion under Florida Rule of Criminal Procedure 3.800(a) to correct his sentence.  This tolled the limitations period for the entirety of the Rule 3.800(a) proceeding, including the eventual appeal.  *Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct. 846, 849 (2006) (explaining that a postconviction motion is pending for AEDPA purposes during the period between the lower court's adverse decision and the filing of a timely notice of appeal from that decision).  The state appellate court issued its mandate on December 26, 2013, thus restarting Hall's AEDPA clock with 76 remaining days.

Fourteen days later on January 9, 2014, Hall filed an amended motion for postconviction relief in state court pursuant to Florida Rule of Criminal Procedure 3.850.  At this point, Hall was down to 62 days.  In his Rule 3.850 motion, Hall raised eight claims of ineffective assistance counsel, the same claims Hall would later raise in his § 2254 petition.  The amended motion did not comply with Rule 3.850(n)(2), which required Hall to certify that he could understand English or that he'd had the motion translated into a language he could understand.  Consequently, on February 14, 2014, the state habeas court dismissed Hall's motion "without prejudice to re-file a facially sufficient amended motion within sixty (60) days."

*State v. Hall*, No. 08CF-4968-XX (Fla. Cir. Ct. Feb. 14, 2014). Hall then filed a second amended motion for postconviction relief as the court instructed on February 24, 2014. The state court denied the motion, and the denial was affirmed on appeal. The state appellate court issued its mandate on December 4, 2014.

Hall filed the present § 2254 petition on January 13, 2015. The State moved to dismiss Hall's petition as untimely under AEDPA's statute of limitations. According to the State, Hall's AEDPA clock—which the State identified as having begun on June 28, 2012[2]—expired December 22, 2014, rendering his January 13, 2015 § 2254 petition untimely. The State argued that Hall's initial Rule 3.850 motion, which he filed when he was 62 days short of AEDPA's statute of limitations, was not "properly filed" for AEDPA-tolling purposes because Hall failed to certify that he understood English. Instead, Hall's AEDPA clock wasn't tolled until he filed his second amended Rule 3.850 motion on February 24, 2014, leaving him only 16 days once the state court disposed of that motion. And because the state court issued its mandate on the Rule 3.850 motion on December

---

[2] It looks like the State reached this date by simply adding three months to March 26, 2012, *i.e.*, the date on which the District Court of Appeal affirmed Hall's conviction. The problem with this method of computing when Hall's conviction became final for AEDPA purposes is that not every month has exactly 30 days. Indeed, two months in this interval— March and May—have not 30, but 31 days. *See Gregorian Calendar*, Wikipedia (last visited Mar. 25, 2019), https://en.wikipedia.org/wiki/Gregorian_calendar.

4, 2014, Hall's AEDPA clock expired on December 22, 2014[3]—22 days before he filed his § 2254 petition on January 13, 2015.

The District Court agreed with the State and dismissed Hall's motion. Hall timely appealed.

## II.

We review *de novo* the dismissal of a federal habeas petition as time barred under 28 U.S.C. § 2244(d). *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014).

AEDPA establishes a one-year statute of limitations for federal habeas petitions filed by state prisoners, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time for seeking direct review includes the 90-day window in which the petitioner could have petitioned the Supreme Court of the United States for a writ of certiorari. *Bond*, 309 F.3d at 774.

As for tolling, the one-year limitations period for filing a § 2254 petition is tolled during the time in "which a properly filed application for State post-

---

[3] The sixteenth day (December 20, 2014) fell on a Saturday, so Hall's AEDPA clock in this scenario would expire the following Monday, December 22, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). AEDPA does not define "collateral review," but the Supreme Court has defined "collateral review" as "judicial review that occurs in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 560, 131 S. Ct. 1278, 1289 (2011). Regarding Florida proceedings, we recognize the following as "application[s] for State post-conviction or other collateral review" under § 2244(d)(2): (1) a motion for state postconviction relief filed pursuant to Rule 3.850, *See Day v. Crosby*, 391 F.3d 1192, 1192–93 (11th Cir. 2004) (per curiam); (2) a motion to correct an illegal sentence filed pursuant to Rule 3.800(a), *Ford v. Moore*, 296 F.3d 1035, 1036, 1040 (11th Cir. 2002) (per curiam); and (3) a motion for rehearing on the denial of a motion to correct an illegal sentence, *Nix v. Sec'y, Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004) (per curiam). Any appeals filed in a state court from the denial of these motions also qualify as "application[s] for State post-conviction or other collateral review." *See Ford*, 296 F.3d at 1040.

The issue in this case is whether Hall's initial Rule 3.850 motion—the one filed January 9, 2014, that was later dismissed because lacked the Rule 3.850(n)(2) certification—tolled AEDPA's statute of limitations. If it did, Hall had 62 days after the state court ruled on it to file his § 2254 motion. But if the initial Rule 3.850 did not toll the Hall's AEDPA clock, he only had 16 days after the state

6

court decided the Rule 3.850 motion to file his § 2254 motion.  His January 13, 2015 § 2254 motion fell within the 62-day window, but not within the 16-day window.

Whether the initial Rule 3.850 motion tolled Hall's AEDPA clock turns on whether that motion was a "properly filed" application for state post-conviction relief.  28 U.S.C. § 2244(d)(2).  This is a question of state law.  *See Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004) (per curiam).  Under Florida law, a motion for post-conviction relief under Rule 3.850 must contain a certification from the defendant that he understands English or that he has had the motion completely translated into a language he understands.  Fla. R. Crim. P. 3.850(n)(2).  Failure to comply with this requirement is grounds for dismissing the motion.  *Id*.  And if one fails to comply with this requirement, one's motion is not "properly filed" under § 2244(d)(2).

This is not the first occasion we've been asked to determine whether a petitioner's defective filing in a Florida collateral proceeding tolled AEDPA's statute of limitations.  In *Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000) (per curiam), we held that a state prisoner's deficient Rule 3.850 motion was not "properly filed" because it was missing the oath required by Rule 3.850(c).  In that case, the state habeas court denied the petitioner's motion without prejudice to refile a timely and properly sworn motion, but the petitioner chose instead to

7

pursue a rehearing, and eventually an appeal, of the denial. *Id.* at 1296–97. After he lost his appeal—more than a year after his conviction became final under AEDPA—the petitioner filed a properly sworn Rule 3.850 motion. *Id.* at 1297. But by then it was too late: we held that the one-year statute of limitations under AEDPA was not tolled because the original deficient motion was not properly filed. *Id.* at 1298.

By contrast, in *Green v. Secretary, Department of Corrections*, the petitioner initially filed an amended motion that did not comply with the oath requirement under Rule 3.850(c). 877 F.3d at 1246. The state court denied the motion with instructions to refile with a sufficient oath within 30 days. *Id.* The petitioner did so, and the state court denied his motion on the merits, which the state appellate court ultimately affirmed. *Id.* He later filed a § 2254 motion, which the District Court dismissed as untimely. *Id.* According to the District Court, the petitioner's initial Rule 3.850 motion was not "properly filed," and thus did not toll AEDPA's statute of limitations, because it was improperly sworn. *Id.* It was only when the petitioner filed a properly sworn Rule 3.850 motion that the AEDPA clock stopped. *Id.* at 1246–47. But once that motion was disposed of—and the AEDPA clock's tick resumed—the petitioner's limitations period expired before he filed his § 2254 motion. *Id.* at 1247.

8

We reversed.  *Id.* at 1249.  We agreed, following *Hurley*, that the petitioner's initial Rule 3.850 motion was deficient under Florida law and, therefore, not "properly filed."  *Id.* at 1248.  But we also recognized that "[u]nder Florida law, when a postconviction motion is stricken with leave to amend, the amended motion relates back to the date of the original filing."  *Id.* at 1248 (citing *Bryant v. State*, 901 So. 2d 810, 818 (Fla. 2005)).  Thus, not only was the time between the corrected Rule 3.850 motion and its disposition tolled, but so too was the time between the original, deficient Rule 3.850 motion and the filing of its properly sworn substitute.  *Id.*  Given that additionally tolled time, the petitioner's § 2254 petition was timely.  *Id.*

It's not hard to see which of these cases Hall's resembles.  Hall's initial Rule 3.850 motion was improperly sworn and, for that reason, not "properly filed" under AEDPA.  But the state habeas court dismissed his motion without prejudice to refile, and—rather than moving for a rehearing and pursuing an appeal, *à la Hurley*—Hall filed a properly sworn Rule 3.850 motion within the state court's prescribed time period.  After *Green*, it's hard to escape the conclusion that Hall's corrected Rule 3.850 motion relates back to his initial, improperly sworn Rule 3.850 motion.

Of course, the State tries to escape that conclusion by arguing that Hall's case is distinguishable.  Specifically, the State argues that in order to toll the statute

of limitations under AEDPA, a state postconviction application must be both "properly filed" and "pending." *See* 28 U.S.C. § 2244(d)(2). So even if, following *Green*, Hall's corrected Rule 3.850 motion was "properly filed," there was no motion before the court—and hence, no motion "pending"—between Hall's initial, dismissed motion and the properly sworn, substitute motion. Thus, the State concludes, only Hall's February 24, 2014 motion was "pending" for AEDPA purposes, and only it tolled the statute of limitations.

There are a couple problems with this argument. First, even if we assume that the AEPDA limitations period was tolled only when a motion was "pending," as the State uses that term, Hall's § 2254 motion was still timely. The period of time between the dismissal of Hall's deficient Rule 3.850 motion and his filing the corrected one—that is, the period of time in which there was no motion "pending" before the state court, according to this argument—was only 10 days: from February 14, 2014, when the faulty Rule 3.850 motion was dismissed, to February 24, 2014, when the proper Rule 3.850 motion was filed.[4] Under this scenario,

---

[4] The State seems to think that its "pending" argument leads to the conclusion that the statute of limitations was not tolled *at all* by Hall's initial Rule 3.850 motion filed on January 9, 2014. But the district court opinion the State cites to support this argument reveals a critical flaw in the State's logic. In *Overton v. Jones*, 155 F. Supp. 3d 1253 (S.D. Fla. 2016), the petitioner filed a state habeas motion on April 30, 2003, that was "legally insufficient" and struck from the record on June 12, 2003. *Id.* at 1265. The state court gave the petitioner leave to file another motion, and he did so on July 10, 2003. *Id.* In determining to what extent the first, deficient state habeas motion tolled the AEDPA statute of limitations, the District Court framed the issue as follows:

where the AEDPA clock was tolled during both Rule 3.850 proceedings apart from the 10-day interval where nothing was "pending" before the state court, Hall had until January 26, 2015, to file his § 2254. Hall met that deadline, so his § 2254 motion was timely *even if* we accept the State's argument.

And that's a big if. The State's "pending" argument is based on the (admittedly intuitive) notion that a state postconviction motion is no longer "pending" once dismissed. This might be true in the abstract. *See Overton*, 155 F. Supp. 3d at 1269 ("Logi[c] dictates that when [a motion] [i]s stricken from the record, the motion [i]s no longer 'pending.'"). But this approach upends the procedure Florida courts have developed for processing facially deficient postconviction motions. In *Spera v. State*, 971 So. 2d 754 (Fla. 2007), the Supreme Court of Florida held that a trial court abuses its discretion when it fails to

---

[T]he issue here[] is whether the April 30 Motion was 'pending' for the purposes of § 2244(d)(2) *during the period of time* [between when] *the April 30 Motion was struck (June 12, 2003) and when* [petitioner's] *July 10 Motion was filed. . . .* If [petitioner's] April 30 Motion was not going to be considered or reviewed by the trial court because the April 30 Motion had been struck from the record, it was not 'pending.'

*Id.* at 1268–69 (emphasis added) (footnote omitted).

Even if we accepted the *Overton* approach, it would not get the State to its desired outcome. Under *Overton*, Hall's deficient Rule 3.850 motion was "pending" from the time it was filed on January 9, 2014, to the time it was dismissed on February 14, 2014. His properly sworn Rule 3.850 motion was then filed on February 24. Hall would, therefore, only lose 10 days from his AEDPA clock, which would leave him with 52 days after the dismissal of the second Rule 3.850 motion on December 4, 2014, to file his § 2254 motion. That 52-day period would expire January 26, 2015, because January 25, 2015 was a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(C). Hall's § 2254 motion was filed well before this deadline, so it was timely under *Overton*.

11

provide a Rule 3.850 petitioner at least one opportunity to amend his facially insufficient Rule 3.850 motion. *Id.* at 761. The procedure that has evolved from this holding—the eponymous "*Spera* procedure"—has since been fleshed out by Florida state courts. In *Nelson v. State*, 977 So. 2d 710 (Fla. Dist. Ct. App. 2008), Florida's First District Court of Appeal explained how *Spera* works:

> The procedure articulated in *Spera* allows a defendant an opportunity to amend facially insufficient postconviction claims unless the claims cannot be corrected. *Spera*'s procedure applies uniformly to all insufficiently pled postconviction claims whether determined to be legally or facially *insufficient*. The trial court has discretion in determining the length of the defendant's leave to amend and *Spera* suggested thirty days would be reasonable.
> . . .
> [B]ased upon *Spera* and *Nelson v. State*, once the window of opportunity to amend expires and the defendant is unable or unwilling to cure the deficiency, the insufficient claim may be denied *with prejudice*.

*Id.* at 711 (citations omitted). Moreover, under Florida law a state court's order dismissing a facially insufficient postconviction motion without prejudice is not a final, appealable order. *Russell v. State*, 46 So. 3d 151, 151–52 (Fla. Dist. Ct. App. 2010). This rule—and the *Spera* procedure more generally—suggests that Florida's "state collateral review process is 'in continuance'"[5] until the court issues a final decision on the Rule 3.850 motion. *See Peterson v. Jones*, No. 3:14cv104/RV/CJK, 2015 WL 1061677, at *3–5 (N.D. Fla. Mar. 11, 2015).

---

[5] *Carey v. Safford*, 536 U.S. 214, 219–20, 122 S. Ct. 2134, 2138 (2002).

Accordingly, for the purposes of tolling under 28 U.S.C. § 2244(d)(2), a petitioner's Rule 3.850 motion is "pending" until it is denied with prejudice. In this case, that means that Hall's AEPDA clock was tolled from January 9, 2014—the date he filed his improperly sworn Rule 3.850 motion—to December 4, 2014—the date the state court rendered a decision on his substitute Rule 3.850 motion. He had until January 26, 2015, to file his § 2254 petition, *see supra* note 4, so his January 13, 2015 § 2254 petition was timely.

## III.

The District Court was wrong to conclude that Hall's § 2254 motion was time barred. We reverse and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

TJOFLAT, Circuit Judge, specially concurring:

I write separately to draw the Court's attention to our practice of incorrectly applying *Bond v. Moore* to Florida habeas petitioners. The District Court in this case concluded that Hall's conviction became final for AEDPA purposes on June 26, 2012—that is, 90 days after the Florida District Court of Appeal affirmed his conviction. This conclusion rested on *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), where this Court held that AEDPA's limitations period does not begin to run until the expiration of the 90-day window in which the petitioner could have petitioned the Supreme Court of the United States for a writ of certiorari on direct review. *Id.* at 774.

But in this case, unlike in *Bond*,[1] Hall never sought review of his conviction by the Florida Supreme Court. This means that Hall was not entitled to the 90-day extension *Bond* requires because the decision of the Florida District Court of Appeal was not a "[f]inal judgment[] or decree[] rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a); *see also Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006) (holding that the petitioner was not entitled to the 90-day extension because, given that had not sought review by the Supreme Court of Georgia, he could not seek certiorari review by the Supreme

---

[1] In *Bond*, the petitioner sought discretionary review of his conviction by the Florida Supreme Court, but review was denied. *Id.* at 771–72 (quoting *Bond v. State*, 684 So. 2d 1350, 1350 (Fla. 1996) (unpublished table opinion)).

14

Court).  As the Supreme Court has repeatedly held, a petitioner must—in the absence of a statutory or constitutional bar to higher state court review, *see, e.g.*, *Thompson v. City of Louisville*, 362 U.S. 199, 202, 80 S. Ct. 624, 627 (1960) (certiorari to local police court whose decisions were not otherwise appealable within the state court system)—seek review in the state's highest court before filing a petition for certiorari.[2]  In this Circuit, by contrast, we seem to assume that a petitioner seeking federal habeas review of a conviction imposed by a Florida court is entitled to *Bond*'s 90-day extension—which necessarily assumes that he could have petitioned the Supreme Court for certiorari review—regardless of whether he sought direct review of his conviction by the Florida Supreme Court. *See, e.g.*, *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006) (per curiam) (holding that petitioner's sentence became final under AEDPA 90 days after his conviction was affirmed by the Florida Fourth District Court of Appeal).

For the reasons explained in *Pugh v. Smith*, this practice makes little sense. Section 2244(d)(1) says that AEDPA's one-year limitations period "shall run," in circumstances like these, "from . . . the date on which the judgment became final

---

[2] *See, e.g.*, *Kuhns v. California*, 419 U.S. 1066, 1066, 95 S. Ct. 652, 652 (1974) (mem.); *Sandquist v. California*, 419 U.S. 1066, 1066, 95 S. Ct. 651, 651 (1974) (mem.); *Gotthilf v. Sills*, 375 U.S. 79, 80, 84 S. Ct. 187, 188 (1963) (per curiam); *Parker v. Illinois*, 333 U.S. 571, 575–76, 68 S. Ct. 708, 710 (1948).

by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Florida, a non-capital defendant has 30 days after the District Court of Appeal affirms his conviction to seek discretionary review by the Florida Supreme Court. Fla. R. App. P. 9.120(b). If a defendant chooses not to seek such review, the date on which his "judgment became final by . . . the expiration of the time for seeking [direct] review," § 2244(d)(1)(A), is 30— *not* 90—days after his conviction was affirmed by the District Court of Appeal. *Cf. Pugh*, 465 F.3d at 1298–1300. In other words, a Florida defendant who seeks review by the Florida Supreme Court is entitled to the additional 90 days that *Bond* provides, but a Florida defendant whose direct review ends at the District Court of Appeal is entitled only to 30.

Neither the District Court nor the State raised this issue.[3] And because AEDPA's statute of limitations is not jurisdictional, *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citation omitted), the State waived this argument, *see Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 881 (11th Cir. 2017) (noting that "waiver is permissible" when a statute of limitations does not "limit[] courts' subject matter jurisdiction") (citation omitted). But, when the

---

[3] The State probably declined to make this argument because we have precedent applying *Bond*'s 90-day extension to petitioners whose direct review ended in the District Court of Appeal. *See Chavers*, 468 F.3d at 1275–76. If the State had made and prevailed on this argument, Hall's petition would be untimely. *See* Maj. Op. at 12 (explaining that Hall's § 2254 petition was timely by 13 days).

16

appropriate case comes along, we should examine whether our blanket application

of *Bond* is consistent with *Pugh* and, more generally, the text of § 2244(d)(1)(A).