[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14960
_____

D.C. Docket No. 8:17-cv-01695-VMC-AEP


TORRENCE BATES,

                                                Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 14, 2020)

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and LUCK, Circuit
Judges.

WILLIAM PRYOR, Chief Judge:

Torrence Bates appeals the dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, as untimely. The district court ruled that the one-year limitations period to file a petition, *id.* § 2244(d), was not tolled until the date Bates filed a motion for postconviction relief that complied with all procedural requirements of Florida law, *see* Fla. R. Crim. P. 3.850, despite his earlier filing of a noncompliant motion. Because later precedent of our court renders that ruling erroneous on these facts, we reverse and remand. *See Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 988–90 (11th Cir. 2019); *Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247–49 (11th Cir. 2017).

## I. BACKGROUND

A Florida jury convicted Bates of manslaughter with a firearm on June 27, 2012. The state trial court imposed a 30-year sentence, and the Second District Court of Appeal of Florida affirmed the conviction and sentence without opinion on June 25, 2014. *Bates v. State (Bates I)*, 145 So. 3d 838 (Fla. Dist. Ct. App. 2014) (per curiam). Bates did not petition for a writ of certiorari to the Supreme Court of the United States, and his opportunity to do so expired on September 24, 2014. *See* U.S. Sup. Ct. R. 13.1 (providing litigants 90 days to petition for a writ of certiorari from the judgment of the state court of last resort).

Instead, Bates filed a motion for postconviction relief, Fla. R. Crim. P. 3.850, on March 17, 2015. But, on May 4, 2015, the state postconviction trial court

2

dismissed without prejudice Bates's motion. Bates had apparently forgotten to accompany his postconviction motion with a signed oath, as required by Rule 3.850(c) of the Florida Rules of Criminal Procedure. But the state postconviction trial court explained in its order that Bates could "file a properly sworn motion, should he so choose."

On June 4, 2015, Bates refiled his motion for postconviction relief, Fla. R. Crim. P. 3.850, with the required signed oath. The state postconviction trial court eventually issued a final order denying all of Bates's claims for relief on March 4, 2016. And the Second District Court of Appeal affirmed on October 26, 2016, with the mandate issuing on January 26, 2017. *See Bates v. State (Bates II)*, 207 So. 3d 225 (Fla. Dist. Ct. App. 2016) (per curiam).

On July 11, 2017, Bates filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court ordered the State to respond and show cause why the petition should not be granted. In a limited response, the State moved to dismiss the petition as untimely, *see* 28 U.S.C. § 2244(d). The State argued that the limitations period did not toll until Bates refiled his postconviction motion on June 4, 2015, because his initial motion was not "properly filed," which meant no "application" was "pending." So the State concluded that Bates filed his petition in federal court almost two months late.

3

The district court dismissed the petition as untimely. It relied on our decision in *Hurley v. Moore*, 233 F.3d 1295, 1297–98 (11th Cir. 2000), to rule that a Rule 3.850 motion that is missing a written oath is not "properly filed," as required to toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Because the limitations period did not toll until Bates filed his compliant motion on June 4, 2015, his federal petition was late.

We later granted Bates a certificate of appealability to address whether new precedent of our court affected the timeliness of his petition:

> Whether, in light of *Green v. Secretary, Department of Corrections*, 877 F.3d 1244, 1247–49 (11th Cir. 2017), the district court correctly denied Bates's 28 U.S.C. § 2254 petition as untimely?

And we appointed counsel to represent Bates on appeal. Appointed counsel has ably discharged his duties and we thank him for his service.

## II. STANDARD OF REVIEW

We review the dismissal of a petition for a writ of habeas corpus as untimely *de novo*. *See Hall*, 921 F.3d at 986; *Green*, 877 F.3d at 1247.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 permits a state prisoner to petition for a writ of habeas corpus once he exhausts all state court remedies, 28 U.S.C. § 2254. The Act also imposes a one-year limitations period, which begins to run from the latest of,

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). But "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2) (emphases added). So the application must be "properly filed" and "pending."

The State seizes on the terms "properly filed" and "pending" to argue that the limitations period was not tolled until the filing of the compliant motion, but our decisions in *Green* and *Hall*, issued after the district court dismissed Bates's petition, foreclose those arguments. Both decisions held that the one-year limitations period tolled the day a petitioner filed a procedurally noncompliant Rule 3.850 motion *if* he was permitted to and did later file a compliant motion. *See Hall*, 921 F.3d at 988–90; *Green*, 877 F.3d at 1247–49; *see also id.* at 1248

5

(distinguishing and reconciling our previous decision in *Hurley* because the petitioner in that appeal never refiled a compliant Rule 3.850 motion). That is, under *Green* and *Hall*, a compliant Rule 3.850 motion relates back to the date of filing of a noncompliant motion, such that the compliant motion was "properly filed" and "pending" as of that date for purposes of tolling the limitations period in section 2244 of Title 28. *See Hall*, 921 F.3d at 990; *Green*, 877 F.3d at 1248.

Although the State disagrees with these decisions, they are binding on our panel. *See United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993). Because the limitations period tolled on the date of Bates's initial motion, Bates timely filed his petition in federal court. So we are required to reverse the district court's dismissal of Bates's petition and remand for further proceedings.

The State also requests that we clarify the application of our decision in *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), to Florida petitioners. In *Bond*, we explained that the limitations period ordinarily commences running 90 days after the petitioner could have petitioned for a writ of certiorari from the Supreme Court of the United States on direct review. *Id.* at 773–74. According to the State, our Court has misapplied *Bond* to afford that 90-day grace period to *all* Florida petitioners even if a petitioner could have sought review from the Supreme Court of Florida but chose not to do so. *Cf. Pugh v. Smith*, 465 F.3d 1295, 1298–1300 (11th Cir. 2006) (explaining that the 90-day grace period is afforded to petitioners

6

who sought direct review from the Supreme Court of Georgia *or* to petitioners who were barred from doing so by "a clear statutory or constitutional bar to higher state court review").

The problem with the State's argument is that Bates could not have sought direct review of his conviction in the Supreme Court of Florida. The Second District Court of Appeal affirmed his conviction and sentence without explanation in a per curiam decision, *Bates I*, 145 So. 3d at 838, so the Supreme Court of Florida was jurisdictionally barred from reviewing that "unelaborated per curiam decision[]," *Jackson v. State*, 926 So. 2d 1262, 1263, 1265 (Fla. 2006). *See also* Fla. Const. art. V, § 3(b); Fla. R. App. P. 9.030(a); *Hobbie v. Unemployment Appeals Comm'n of Fla.*, 480 U.S. 136, 139 n.4 (1987). Because the Second District Court of Appeal was the "state court of last resort," *Pugh*, 465 F.3d at 1299, Bates could have petitioned the Supreme Court of the United States following that affirmance and is correctly afforded the 90-day grace period before commencement of the limitations period. *See id.*; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision); 28 U.S.C. § 1257(a).

7

## IV. CONCLUSION

We **REVERSE** the dismissal of Bates's petition for a writ of habeas corpus

and **REMAND** for further proceedings consistent with this opinion.