[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11071
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-02670-EAK-TBM

THOMAS L. FAST,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 2, 2020)

Before ROSENBAUM, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Thomas L. Fast appeals the district court's *sua sponte* dismissal of his *pro se* 28 U.S.C. § 2254 petition as untimely.  We granted Fast's motion for a certificate of appealability (COA) on one issue: whether the district court erred in *sua sponte* dismissing his § 2254 petition as untimely, solely relying on his filings.   After review,[1] we affirm the district court's dismissal.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), a § 2254 petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events, including the date of final judgment.  28 U.S.C. § 2244(d)(1).  Statutory tolling allows state prisoners to toll the limitations period while properly filed state post-conviction actions are pending.  *Id.* § 2244(d)(2).

Fast's petition and its attachments plainly demonstrated the instant motion was statutorily time-barred.  *See* Rules Governing § 2254 Cases, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").  First, Fast included a comprehensive history of his post-conviction filings, including dates and the types of motions filed.  Second, Fast conceded that 151 untolled days accumulated between the time his direct

---

[1]  We review *de novo* the district court's dismissal of a § 2254 petition as untimely.  *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006).

appeal became final on August 25, 2011, and the filing of his Rule 3.850 motion on May 21, 2012. While Fast argued in his petition that certain filings tolled the limitations period until March 29 or July 5, 2017, those dates correspond with when he received responses to Freedom of Information Act (FOIA) requests. The FOIA requests were not post-conviction actions that tolled the limitations period, however. *See Hall v. Sec'y Dep't of Corr.*, 921 F.3d 983, 987 (11th Cir. 2019) (explaining this court recognizes the following Florida proceedings as applications for state post-conviction or other collateral review under § 2244(d)(2): (1) a motion for state post-conviction relief under Fla. R. 3.850; (2) a motion to correct an illegal sentence filed under Fla. R. 3.800(a); (3) a motion for rehearing on the denial of a motion to correct an illegal sentence; and (4) any appeals filed in state court from the denial of these motions). Looking to the other filings Fast listed, the most recent action that could have tolled the limitations period was Fast's appeal of a Rule 3.850 motion. *See* 28 U.S.C. § 2244(d)(2); *Hall*, 921 F.3d at 987. But if the motion and appeal were properly filed, the appeal would have only tolled the limitations period from July 24, 2014, to May 13, 2015. *See* 28 U.S.C. § 2244(d)(2). Thus, Fast's October 30, 2017, § 2254 petition was still filed more than two years after this latest state post-conviction action, and it is clear from Fast's application that it was untimely. *See* 28 U.S.C. § 2244(d)(1)-(2); Rules Governing § 2254 Cases, Rule 4. Additionally, while the district court noted Fast

had filed two prior § 2254 petitions that were dismissed without prejudice, the present petition does not relate back to those filings for purposes of determining timeliness. *See Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (stating an untimely § 2254 petition cannot relate back to a previously filed petition that was dismissed without prejudice). Thus, because it plainly appeared from Fast's petition and its attachments the petition was untimely, Habeas Rule 4 permits the district court to dismiss the petition on that basis. Rules Governing § 2254 Cases, Rule 4.

Furthermore, the district court provided Fast with sufficient notice of its dismissal and an opportunity to respond. *See Paez v. Sec., Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We hold that the District Court did not err by *sua sponte* dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition."). The district court dismissed Fast's petition but stated it would entertain a motion to reopen within 30 days. Fast timely filed the motion to reopen and presented arguments, but the district court denied the motion to reopen.

Finally, Fast has abandoned any claim his petition was timely based on equitable tolling or the exception for actual innocence by failing to raise them in his initial brief. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (stating arguments raised for the first time in a reply brief are not

4

properly before this Court).  Regardless, even construing Fast's arguments liberally, his unsupported, conclusory statements failed to present the type of rare and exceptional circumstances that warrant equitable tolling or to demonstrate actual innocence that would overcome the timeliness bar.  *See McQuiggin v. Perkins*, 569 U.S. 383, 390 (2013) (stating to demonstrate actual innocence, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt);  *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (explaining the statute of limitations can be equitably tolled when a petitioner pursued his rights diligently, but some extraordinary circumstance stood in his way and prevented timely filing); *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013) (explaining habeas petitions filed by a *pro se* litigant are liberally construed).

Accordingly, we affirm the district court.

**AFFIRMED.**