[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14802

_____

D.C. Docket No. 2:16-cv-14554-JEM

RICHARD MORRIS,

                                                      Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2021)

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

    Richard Morris appeals the district court's dismissal of his federal habeas

petition as untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA)

sets a one-year statute of limitations for filing a federal habeas petition that

challenges a state conviction. 28 U.S.C. § 2244(d)(1). The statute of limitations starts to run when the state conviction is final, but it is tolled while a "properly filed" application for state post-conviction relief is "pending." Whether Morris's habeas petition is timely turns on one issue: whether Morris's amended state-court motion for postconviction relief relates back to his initial postconviction motion, tolling the statute of limitations for the time in between his initial motion was dismissed and his amended motion was filed. Because this Court's and the Florida state courts' precedents are clear that it does, we conclude that the district court erred in dismissing Morris's habeas petition as untimely. Accordingly, we reverse.

## I.    BACKGROUND

Richard Morris was convicted of first-degree murder and sentenced to life imprisonment. Determining whether the statute of limitations barred Morris's federal habeas petition requires us to examine the state post-conviction motions he filed and when they were pending.

Morris's conviction became final 90 days after the state court of appeals affirmed his conviction and denied his motion for rehearing. *See Morris v. State*, 67 So.3d 1133 (Fla. Dist. Ct. App. 2011). Morris filed his first state habeas corpus

petition 65 days later. That matter was pending until the state court of appeals denied a rehearing of its denial of the petition.

Morris then waited 166 days to file a Rule 3.850 motion for post-conviction relief with the state trial court. Fla. R. Crim. P. 3.850. This initial Rule 3.850 motion asserted several overlapping bases for relief, including ineffective assistance of counsel, denial of due process, and other violations of state and federal law. Morris requested an evidentiary hearing on the motion or, alternatively, for the court to "revers[e] and remand for a new trial[.]" The state trial court dismissed the motion without prejudice, noting that Morris's motion was "difficult to interpret," the "relevant facts [we]re not sufficiently developed; [we]re not presented in the context of an understandable chronology"; and were "interspersed with argument, speculation, and irrelevant comment." The court invited Morris to refile a "single, comprehensive, legally sufficient motion, if amended claims [could] be made in good faith."

Morris filed a Rule 3.800(a) motion to correct an illegal sentence 96 days later. Fla. R. Crim. P. 3.800(a).

Morris then followed the trial court's instructions from his earlier case and filed an amended Rule 3.850 motion. The court accepted the amended motion as timely, considered the grounds for relief it asserted, and denied it on the merits. The

state appellate court affirmed. *See Morris v. State*, 149 So.3d 26 (Fla. Dist. Ct. App. 2014).

Without any additional breaks in time, Morris filed several more state court motions and petitions. When the state appellate court eventually denied his last motion for rehearing on his third Rule 3.850 motion, there were no more pending applications for state post-conviction relief or collateral review. Morris filed a federal habeas petition 66 days later.

In the district court, Morris asserted that he filed his federal habeas petition within the one-year statute of limitations under AEDPA. The state disagreed and asserted that Morris had filed his petition too late. To reach that conclusion, the state added four units of untolled time: (1) the 65 days between his final judgment and first state habeas petition, (2) the 166 days between the denial of that petition and his first 3.850 motion, (3) the 96 days between the state court's order denying his initial Rule 3.850 motion and the filing of his Rule 3.800(a) motion to correct an illegal sentence, and (4) the 66 days between the end of his state proceedings and his federal habeas filing. The district court agreed with the state and dismissed Morris's federal habeas petition as untimely.

We granted Morris a certificate of appealability on two issues: whether his amended Rule 3.850 motion relates back to his initial filing and tolled the 96-day period and whether the statute of limitations should be tolled as a matter of equity.

After we appointed counsel, Morris abandoned the equitable tolling issue. So the only issue remaining is whether Morris's amended Rule 3.850 motion relates back to his initial motion for tolling purposes.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* the dismissal of a federal habeas petition as time-barred under 28 U.S.C. § 2244(d). *Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 986 (11th Cir. 2019) (citing *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014)).

## III.    DISCUSSION

The federal habeas statute establishes "[a] 1–year period of limitation . . . [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). It also says that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2). A Rule 3.850 motion is an application for review under that provision. *Hall*, 921 F.3d at 987 (citing *Day v. Crosby*, 391 F.3d 1192, 1192–93 (11th Cir. 2004)). Accordingly, as long as such a properly filed motion is pending, the federal statute of limitations is tolled.

This appeal turns on a single issue: whether Morris's Rule 3.850 motion was pending during the time between when it was dismissed without prejudice and when

5

he successfully amended it. No one disputes on appeal that the limitations period ran untolled for periods of 65, 166, and 66 days—a total of 297 days. If the amended motion does not relate back, then nothing was pending during the disputed 96-day period, the limitations period ran untolled during that period, and Morris filed his petition too late. If the amended motion does relate back, then it was pending during the disputed period, the limitations period was tolled during that period, and Morris's petition is timely.

We agree with Morris that his amended motion relates back to his initial motion, tolling the 96-day period. Under Florida law, when a post-conviction motion is denied with leave to amend and a movant files a proper amended motion, the amended motion relates back to the date of the original filing. *See Bryant v. State*, 901 So.2d 810, 818 (Fla. 2005); *see also Russell v. State*, 46 So.3d 151, 151–52 (Fla. Dist. Ct. App. 2010) (holding that a state court's order dismissing a post-conviction motion without prejudice is not a final, appealable order). As a matter of federal law, we have held that, if an amended motion relates back, the limitations period is tolled between the initial and amended motions. *Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1328 (11th Cir. 2020) ("[A] compliant Rule 3.850 motion relates back to the date of filing of a noncompliant motion, such that the noncompliant motion was 'properly filed' and 'pending' as of that date for the purposes of tolling the limitations period[.]"); *Hall*, 921 F.3d at 988 ("[N]ot only [is] the time between the

6

corrected Rule 3.850 motion and its disposition tolled, but so too [is] the time between the original, deficient Rule 3.850 motion and the filing of its [compliant] substitute."); *Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1248 (11th Cir. 2017). In this scenario, a petitioner's Rule 3.850 motion remains "pending" until "it is denied with prejudice." *Hall*, 921 F.3d at 990.

Applying these authorities here, Morris's amended Rule 3.850 motion relates back to his initial motion, tolling the AEDPA limitations period for the time in between. The state trial court dismissed Morris's initial motion "without prejudice to file a single, comprehensive, legally sufficient motion, if amended claims can be made in good faith." The court provided no amendment deadline; it merely instructed Morris to file an amended motion. Morris eventually did just that. Several months later, he filed an amended Rule 3.850 motion that the court accepted as timely and eventually denied on the merits.

The state concedes that, under our precedents, an amended motion would normally relate back to the initial motion in these circumstances. But it argues that Morris took too long to file his amended motion. The state argues that, to relate back under Florida law, an amended motion must be filed by either (1) a deadline set by the court, or (2) if no deadline is set, a "reasonable" amount of time. It contends that "reasonable" in this context means no more than 30 days. Relatedly, the state argues that, unless we create a 30-day relation-back rule as a matter of federal law, a state

7

inmate could "toll the time for years, if not indefinitely," by successfully amending previous state-court motions that were dismissed without prejudice. This would, according to the state, "run contra to the purpose of AEDPA's one-year limitations period."

The state's arguments are unconvincing. Neither Florida law nor federal law creates a 30-day default deadline for amending a post-conviction motion.

First, the state is wrong about Florida law. Florida's relation-back rule does not establish a default deadline when a court fails to specify one. The Florida Supreme Court has held that, when a petitioner's initial motion for postconviction relief is deemed facially insufficient, the trial court must allow the petitioner at least one opportunity to amend. *Spera v. State*, 971 So.2d 754, 761 (Fla. 2007) (citing *Bryant*, 901 So.2d at 817–19). The court has explained that, when a petitioner files an insufficient motion, "the proper procedure is to strike the motion with leave to amend within a reasonable period." *Id.* "Normally," the court has explained, the deadline for an amendment should be "between ten and thirty days, although special circumstances may dictate an extension greater than thirty days." *Bryant*, 901 So.2d at 819. But the Florida appellate courts ultimately leave the appropriate deadline for filing an amended post-conviction motion to lower courts' discretion. *Nelson v. State*, 977 So.2d 710, 711 (Fla. Dist. Ct. App. 2008) ("The trial court has discretion in determining the length of the defendant's leave to amend," and "in its discretion

may grant more than one opportunity to amend an insufficient claim[.]"). Here, the state court did not impose a deadline, and nothing about Florida's relation-back rule established a default 30-day deadline.

Second, the state's argument is inconsistent with our precedents. This Court has never treated a state court's silence in this context to create a default deadline of 30 days. In *Bates*, the state court did not set a deadline by which the petitioner's amended postconviction motion was due. There, the time between the without-prejudice dismissal of the petitioner's initial motion and his amended motion was 31 days. *Bates*, 964 F.3d at 1327. This Court still found that the amended motion related back for tolling purposes. Nor do our precedents suggest that allowing relation back over periods longer than 30 days is unreasonable or unworkable in this context. In *Hall*, the time between the initial and amended post-conviction motions was only 10 days, though the state court had granted the petitioner 60 days. 921 F.3d at 985–86. There we reiterated that "[t]he trial court has discretion in determining the length of the defendant's leave to amend" and that the Florida Supreme Court had merely "suggested thirty days would be reasonable." *Id*. at 989.

For its part, the state relies on decisions that are distinguishable. It argues that its position is consistent with two earlier decisions by this Court: *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), and *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000)). In deciding those appeals, this Court held that a Florida state prisoner's

9

application for state post-conviction relief filed outside the one-year period provided by AEDPA did not toll the limitations period even though the application was properly filed within the two years permitted for Rule 3.850 motions under Florida law. In both of those decisions, the limitations period had already expired by the time the petitioner filed an *initial* post-conviction motion. *See Tinker*, 255 F.3d at 1333; *Webster*, 199 F.3d at 1259. Thus, no post-conviction motion was ever pending during the year-long limitations period, and there was no question of an amendment relating back for tolling purposes. By contrast, when Morris filed his initial Rule 3.850 motion, more than four months of the limitations period remained. Once the state trial court accepted Morris's amended motion as timely filed, its relation back meant that the motion had been pending since the initial filing for tolling purposes.

Third, the state's policy argument regarding AEDPA misconstrues that statute. AEDPA expressly tolls the statute of limitations while properly filed applications for state post-conviction relief are pending. This tolling is consistent with one of the main purposes of AEDPA: to encourage "greater federal court deference to state court decisions and to promote more federal-state judicial comity." *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002). "Section 2244(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief[,]" while at the same time "limit[ing] the harm to the interest in finality by according tolling effect only to

10

properly filed application[s] for State post-conviction or other collateral review." *Duncan v. Walker*, 533 U.S. 167, 179–180 (2001). Under AEDPA, we cannot impose a default time limit for amending a state-court motion for postconviction relief. Nor can we ignore the state court's conclusion that Morris's amended Rule 3.850 motion was timely and properly filed. Federalism and comity mean that we cannot set a deadline for state courts to adjudicate state post-conviction motions.

In any event, Florida has already eliminated the possibility of unreasonable or indefinite tolling when a state court does not impose a deadline for an amended motion. The year after Morris's initial Rule 3.850 motion was denied, Florida amended Rule 3.850 to provide a default deadline of 60 days for filing an amended motion when the state court's order does not provide another one. *See* Fla. R. Crim. P. 3.850(e); *In re Amendments to Fla. Rules of Crim. Proc. & Fla. Rules of App. Proc.*, 132 So. 3d 734, 738 (Fla. 2013). Although that default deadline does not affect the outcome of this case, it solves the problem going forward. Consequently, there is no need to "narrow[] the scope" of our holdings in *Bates*, *Hall*, and *Green*—as the state concedes it is asking this Court to do—by imposing a default 30-day deadline for amending a Rule 3.850 motion when a state court has not specified one.

## IV.    CONCLUSION

The dismissal of Morris's federal habeas petition as untimely is reversed, and the petition is remanded to the district court for further proceedings.

11

**REVERSED AND REMANDED.**